IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER SHEPHERD and BRYANT DAVIS, individually and on behalf of themselves and all other similarly situated persons, known and unknown,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>FLEX-N-GATE LLC, an Illinois limited liability company; FLEX-N-GATE PLASTICS LLC, an Illinois limited liability company; and FLEX-N-GATE CHICAGO, LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendants Flex-N-Gate LLC, Flex-N-Gate Plastics LLC, and Flex-N-Gate Chicago, LLC (collectively "Flex-N-Gate"), pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, for its Notice of Removal of the action captioned *Christopher Shepherd and Bryant Davis*, Case No. 2024 CH 05876 from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. Flex-N-Gate states the following as its grounds for removal:

   I.   **THE NATURE OF THE ALLEGATIONS**

   1.   Plaintiffs Christopher Shepherd and Bryant Davis (together, "Plaintiffs") commenced the above-captioned lawsuit by filing a Class Action Complaint against Flex-N-Gate in the Circuit Court of Cook County, Illinois ("Complaint"). A copy of the Complaint, together with all process, pleadings, orders, and other documents on file in the state court or received by

Flex-N-Gate in connection with this action are attached hereto as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

2. Flex-N-Gate was served with the summons and a copy of the Complaint on June 28, 2024. *See* **Group Exhibit B**, true and correct copies of the summonses served on the Flex-N-Gate defendants. This Notice of Removal is timely because it was filed within thirty days after service of the Complaint on Flex-N-Gate. *See* 28 U.S.C. § 1446(b).

3. Flex-N-Gate is an automotive products supplier specializing in manufacturing high-quality components, lighting systems, and mechanical systems for incorporation into automotive products.

4. Flex-N-Gate operates a number of facilities worldwide, including facilities operated by Defendants Flex-N-Gate LLC, Flex-N-Gate Plastics LLC in Urbana, Illinois, and by Flex-N-Gate Chicago, LLC in Chicago, Illinois.

5. In their Complaint, Plaintiffs request that the Circuit Court enter an order "certifying the asserted claim, or issues raised, as a class action." *See* Ex. A, pp. 41-52.

6. Plaintiffs allege that a violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq*. ("GIPA") occurred when third-party medical professionals asked Plaintiffs about family histories of heart disease, diabetes, and/or cancer while collecting information during Plaintiffs' pre-employment job application health exams. (Ex. A, ¶¶ 24-27). Plaintiffs allege that Flex-N-Gate did not tell them to refuse to answer any of those questions. (Ex. A, ¶¶ 35, 39). Under GIPA, a prevailing plaintiff can recover statutory damages in an amount that is the greater of the plaintiff's actual damages or liquidated damages in the amount of $2,500 for each negligent violation and/or $15,000 for each intentional or reckless violation. (Ex. A, p. 12; 410 ILCS 513/40(a)(1)-(2)).

7. Based on these and other allegations, Plaintiffs seek declaratory and injunctive relief as well as statutory liquidated damages for each time a GIPA violation occurred, their reasonable attorneys' fees, costs, and other litigation expenses. (Ex. A, p. 12). Plaintiffs allege that their suit encompasses damages of at least $500,000,000 representing "hundreds" of putative class members' GIPA claims. (Ex. A, ¶ 47; Group Ex. B, pp. 2, 6, 10).

II. **STATEMENT OF GROUNDS FOR REMOVAL UNDER 28 U.S.C. § 1332(a)**

8. A defendant invoking diversity jurisdiction may rely on both the complaint's facial allegations and its own averments pertaining to citizenship to show that removal to federal court is proper. *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288-0 (1938) ("[T]he status of the case as disclosed by plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove."); *Thomas v. Guardsmark, LLC*, 487 F.3d 533, (7th Cir. 2007) (averments identifying each party's citizenship in jurisdictional statements sufficient support).

9. This Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"). Under CAFA, to establish federal jurisdiction the following three elements must be met: (1) the putative class members must be more than 100 members; (2) the amount in controversy must exceed $5,000,000, exclusive of interest and costs; and (3) a putative class member must be a citizen of a state different from any of the defendants. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B).

10. Flex-N-Gate can satisfy each of the three elements for removal.

**The Putative Class Exceeds 100 Members**

11. CAFA requires that the putative class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5)(B). Plaintiffs do not specify the number of putative class members, but Plaintiffs

"reasonably estimate that *there are hundreds of members* in the Class." (Ex. A, ¶ 47) (emphasis added). Furthermore, Flex-N-Gate's investigations indicate that the proposed putative class definition may encompass over 3,137 individuals. *See* Affidavit of Stephen Bopra, attached hereto as **Exhibit C**, ¶ 8. Because Flex-N-Gate can rely upon the allegations in plaintiffs' complaint to satisfy jurisdiction, the 100 member class size requirement under CAFA is met.

## The Amount in Controversy is at Least $5,000,000

12. It is apparent that the relief sought in Plaintiffs' Complaint meets the $5,000,000 amount in controversy requirement. Flex-N-Gate itself need only provide a plausible estimate of the amount in controversy but may rely on Plaintiffs' $500 million estimate to meet its burden. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-9 (2014) ("A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288-9 (1938) (finding, in removal cases, that "the sum claimed by the plaintiff controls…since the defendant must file his petition before the time for answer or forever lose his right to remove."). Notably, Plaintiffs seek $15,000 for each willful/and or reckless GIPA violation or, alternatively, $2,500 for each negligent GIPA violation. (Ex. A, at p. 12). Plaintiffs "reasonably estimate that there are hundreds of members in the Class" whose injuries occurred when they each submitted to "a medical evaluation as part of the hiring process." (Ex. A, ¶¶ 24, 47). Plaintiffs then estimate total damages in the amount of $500 million – a figure exceeding CAFA's jurisdictional threshold. (Group Ex. B, pp. 2, 6, 10; *see Dart Cherokee*, 574 U.S. at 84 ("If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is "deemed to be the amount in controversy.").

13. Additionally, although Flex-N-Gate denies that it is liable under GIPA, that any class can be certified, and that it will owe damages, only 334 putative class members are needed to satisfy the jurisdictional amount. Flex-N-Gate estimates that 3,137 individuals may have been subject to a medical screening exam. (Ex. C, ¶ 8).

14. Between Flex-N-Gate's and Plaintiffs' estimates, the putative class claim satisfies the $5,000,000 jurisdictional requirement. *See Dart Cherokee*, 574 U.S. at 84, 88-9; *St. Paul Mercury*, 303 U.S. at 288-9.

**There is Minimal Diversity Among the Parties**

15. To meet this requirement, Flex-N-Gate must show that any member of the proposed putative class is a citizen of a different state from that of any defendant. 28 U.S.C. § 1332(d)(2). Here, both named plaintiffs are citizens of Illinois. (Ex. A, at ¶ 8). At the time of this filing, it has not been determined how many putative class members are not Illinois citizens. However, based on Flex-N-Gate's investigation to date, Plaintiffs' proposed class definition includes Indiana citizens. (Ex. C, ¶ 9).

16. Each of the Flex-N-Gate defendants is a limited liability company. The citizenship of each of the members of a limited liability company is used to determine a limited liability company's citizenship for diversity purposes. *See Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006).

17. Defendants Flex-N-Gate Plastics LLC's and Flex-N-Gate Chicago LLC's members are Illinois citizens. Defendant Flex-N-Gate LLC is an Illinois limited liability company whose sole member is a corporation organized under the laws of South Dakota. Therefore, for jurisdictional purposes, Flex-N-Gate, LLC is a citizen of Illinois and South Dakota.

18. Accordingly, because there is at least one Indiana citizen among the proposed class from a state other than Flex-N-Gates' states of citizenship, there is minimal diversity among the parties as required under 28 Section 1332(d)(2)(A). Ex. C, ¶ 9; *see Dancel v. Groupon, Inc.*, 940 F.3d 381, 383-46 (7th Cir. 2019) (defendant can demonstrate minimal diversity requirement via affidavit illustrating that at least one member of the putative class was a citizen of a state other than those of defendant's citizenship).

### III. REMOVAL TO THIS DISTRICT IS PROPER

19. For the foregoing reasons, this Court may exercise original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d) and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

20. This Notice of Removal is filed in the District Court of the United States for the district and division in which the case is pending. *See* 28 U.S.C. §§ 1441, 1446(a). The United States District Court for the Northern District of Illinois, Eastern Division, encompasses the location where the State Court action is pending. 28 U.S.C. § 93.

21. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders received by Flex-N-Gate with respect to this action, a copy of the state court's docket sheet, and any other documents on file in the State Court, are attached. *See* Ex. A.

22. Promptly upon the filing of this Notice of Removal, Flex-N-Gate shall give written notice to Plaintiffs and to the Clerk of the Circuit Court of Cook County pursuant to 28 U.S.C. § 1446(d). A copy of the removal notice to be filed with the Clerk of the Circuit Court of Cook County, without exhibits, is attached hereto as **Exhibit D**.

23. A completed Civil Cover Sheet is filed concurrently with this Notice of Removal.

24. By filing this Notice of Removal, Flex-N-Gate does not waive any jurisdictional or other defenses that might be available to it. In addition, Flex-N-Gate expressly reserves the right to move for dismissal of and/or move to strike some or all of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure. Flex-N-Gate reserves the right to amend or supplement this Notice of Removal, including amendment to offer additional grounds for removal should the grounds presented herein be found to be insufficient.

WHEREFORE, Defendants Flex-N-Gate LLC, Flex-N-Gate Plastics LLC, and Flex-N-Gate Chicago, LLC respectfully request that this action now pending in the Circuit Court of Cook County, State of Illinois be removed to this Court, that this Court exercise its subject matter jurisdiction over this action, and that this Court grant such other and further relief as it deems just and proper.

Dated: July 29, 2024

**DEFENDANTS FLEX-N-GATE LLC, FLEX-N-GATE PLASTICS LLC, and FLEX-N-GATE CHICAGO, LLC**

By /s/ Dremain T. Moore

J. David Duffy (#6242374)
Dremain T. Moore (#6328767)
THOMPSON COBURN LLP (Firm ID: 48614)
55 East Monroe Street, 37th Floor
Chicago, IL 60603
P: 312 346 7500
F: 312 580 2201
dduffy@thompsoncoburn.com
dmoore@thompsoncoburn.com

*Attorneys for Defendants Flex-N-Gate LLC, Flex-N-Gate Plastics LLC, and Flex-N-Gate Chicago, LLC*

**CERTIFICATE OF SERVICE**

      I, Dremain T. Moore, an attorney, hereby certify that I caused a true and correct copy of the foregoing **Notice of Removal** to be served via email, upon the party as indicated below on **July 29, 2024:**

Gary M. Klinger
S. Jarrett Raab
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
gklinger@milberg.com
jraab@milberg.com

Alan M. Feldman
Zachary Arbitman
George Donnelly
FELDMAN SHEPHERD WOHLGELERNTER
TANNER WEINSTOCK & DODIG, LLP
1845 Walnut Street, 21st Floor
Philadelphia, Pennsylvania 19103
afeldman@fehldmanshepherd.com
zarbitman@feldmanshepherd.com
gdonnelly@fledmanshepherd.com

                                        /s/ Dremain T. Moore