UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER SHEPHERD and BRYANT DAVIS, individually and on behalf of all other similarly situated persons, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>FLEX-N-GATE LLC, and Illinois limited liability company; FLEX-N-GATE PLASTICS LLC, and Illinois limited liability company; and FLEX-N-GATE CHICAGO, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 1:24-cv-06600<br><br>Hon. Sara L. Ellis |

**INITIAL STATUS REPORT**

1. **Nature of the Case.**

   A. **Attorneys of Record**

   Plaintiffs and the putative class:

   Zachary P. Arbitman (lead trial attorney)
   George Donnelly*
   Feldman Shepherd Wohlgelernter Tanner Weinstock Dodig LLP
   1845 Walnut St, 21st Floor
   Philadelphia, PA 19103
   215-567-8300
   Email: zarbitman@feldmanshepherd.com
      gdonnelly@feldmanshepherd.com

   *Pro Hac Vice Pending

   Gary M. Klinger
   S. Jarret Raab
   Milberg Coleman Bryson Phillips Grossman PLLC

1

      227 W. Monroe Street, Suite 2100
      Chicago, IL 60606
      866-252-0878
      Email: gklinger@milberg.com
            jraab@milberg.com

For the Defendants (collectively, "Flex-N-Gate"):

J. David Duffy (lead trial attorney)
Dremain T. Moore
Thompson Coburn LLP
55 East Monroe St., 37th Floor
Chicago, IL 60603
312-346-7500
Email: dduffy@thompsoncoburn.com
       dmoore@thompsoncoburn.com

**B.    Nature of Claims**

*Plaintiffs' Allegations*

Plaintiffs Christopher Shepherd and Bryant Davis bring this putative class action pursuant to the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq*. ("GIPA"). GIPA prohibits employers from soliciting, requesting, requiring, or purchasing genetic information of a person or a family member of that person as a condition of employment or pre-employment application. 410 ILCS 513/25(c). Genetic information includes "the manifestation of a disease or disorder in family members of such individual…" 410 ILCS 513/10; 45 C.F.R. § 160.103.

Flex-N-Gate violated GIPA when it required Plaintiffs to complete a physical examination where Plaintiffs were asked about their family medical history, including whether there was a history of heart disease, diabetes, or cancer in their family. Flex-N-Gate requires all potential employees to submit to a similar medical evaluation or physical examination as part of the pre-employment application process. Plaintiffs brings suit on behalf of themselves and the putative class—which Flex-N-Gate has represented is approximately 3,137—because it meets the commonality, typicality, adequacy, numerosity, and superiority requirements of Rule 23.

*Flex-N-Gates' Position*

None of the Flex-N-Gate defendants are liable under GIPA. First, if Plaintiffs were asked questions about their family medical histories at a medical fitness examination prior to their employment with a Flex-N-Gate entity, such questions do not violate GIPA. Second, none of the Flex-N-Gate defendants solicits family medical histories or genetic information during its employment application process. In fact, the Flex-N-Gate defendants disclaim such information. Further, the medical exams in question were conducted by independent third-party medical professionals who are not Flex-N-Gate employees and are not under Flex-N-Gate's direct control. There are no allegations that any Flex-N-Gate employee violated GIPA. The Flex-N-Gate defendants also deny that, even if GIPA were to apply, any conduct by any Flex-N-Gate entity could rise to the level of reckless or willful conduct required to impose enhanced damages. The Flex-N-Gate defendants further dispute the imposition of GIPA's liquidated damages where Plaintiffs have no evidence that the information complained about was used to discriminate against them in some way is an appropriate or reasonable estimation of any damages they may have suffered and further that the Illinois legislature's decision to impose such a fine may constitute an unconstitutional excessive fine rather than damages at all. Finally, the Flex-N-Gate defendants assert that Plaintiffs' claims are time barred and that specific statutory exemptions to GIPA liability preclude Plaintiffs' claims.

The Flex-N-Gate defendants also dispute that even if Plaintiffs could plausibly plead a cause of action for a GIPA violation, the case would be inappropriate for class certification because Plaintiffs' claims fail to meet the elements for certification under Federal Rule of Civil Procedure 23.

### C. Legal and Factual Issues

*Plaintiffs' Response*

Plaintiffs anticipate very few factual disputes in this case. By Flex-N-Gate's own admission, 3,137 individuals were subject to "pre- and post-employment screenings in order to ascertain an applicant's or employee's physical capabilities to perform their roles essential job duties…" *See* Notice of Removal, Decl. of Stephen Bopra, ¶¶ 5, 8 (Doc. 2-1). Plaintiffs anticipate disputes over for the following legal issues: (1) whether GIPA applies to the pre-employment application process and post-employment screenings, of which the physical examination is a required part; (2) whether Flex-N-Gate is liable under GIPA when the genetic information was requested and collected by medical providers that Flex-N-Gate selected; and (3) whether the solicitation of Plaintiffs' and the Class members' genetic information was inadvertent.

*Flex-N-Gates' Response*

Flex-N-Gate disagrees that there will be "very few" factual disputes in this case. Based on Plaintiffs' complaint, multiple outside contractors may have conducted screenings. Each of those independent contractors will have their own manner of performing such screens. The third-party involvement will create fact issues regarding the procedures conducted by these providers and whether Plaintiffs can somehow impute the conduct of these medical providers to Flex-N-Gate among other factual issues. The differences between providers and individual job applicants will also be a reason why class certification is inappropriate. Furthermore, Plaintiffs mischaracterize the scope of Flex-N-Gate's declaration at the time of removal. Flex-N-Gate has not concede that 3,137 individuals were subject to such screenings; said figures were based on its estimate based on the face of Plaintiffs' complaint at the time of filing, which alleges the existence of a common practice applicable to all Flex-N-Gate employees.

Other legal issues, which are currently known, are raised in the case are discussed in the section B *supra*.

### D. Relief Sought by Plaintiff

Plaintiffs seek the following relief:

- An order certifying the asserted claim, or issues raised, as a class action;

- An order appointing Plaintiffs as representatives for the Class and appointing their counsel as lead counsel for the classes;

- A declaration that Flex-N-Gate's practices violate GIPA;

- An order enjoining Flex-N-Gate from continuing its practices of soliciting genetic information about potential employees' family medical history as part of its pre-employment application process or as a condition of employment;

- Statutory damages of $15,000 for each reckless or intentional violation of GIPA pursuant to 410 ILCS 513/40(a)(2);

- Statutory damages of $2,500 for each negligent violation of GIPA pursuant to 410 ILCS 513/40(a)(1);

- Pre-judgment and post-judgment interest;

- Reasonable attorneys' fees and costs; and

- Any additional relief that the Court deems reasonable and just.

### 2. Jurisdiction.

The Court has jurisdiction pursuant to the Class Action Fairness Act, which grants district courts original jurisdiction over "any civil action" in which (a) the aggregate number of members in the proposed class is 100 or more; (b) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs;" and (c) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d). Plaintiffs purport to represent a class of approximately 3,137 individuals and seek damages up to approximately $47.5 million.

At least one member of the putative class is a citizen of Indiana. The members of Defendants

5

Flex-N-Gate Plastics LLC and Flex-N-Gate Chicago LLC are citizens of Illinois and the sole member of Defendant Flex-N-Gate LLC is a citizen of South Dakota.

   3. **Status of Service.**

   All defendants have been served with summons and process.

   4. **Consent to Proceed Before a United States Magistrate Judge.**

   The parties do not consent to proceed before a Magistrate Judge at this time.

   5. **Motions.**

Flex-N-Gate filed a Motion to Dismiss on September 9, 2024. The parties propose a briefing schedule under which Plaintiffs will have up to October 14, 2024 for their response and Flex-N-Gate will have up to November 4, 2024 to file their reply. Plaintiffs anticipate filing a Motion for Class Certification upon the close of discovery. The Flex-N-Gate defendants anticipate filing a motion for summary judgment upon the close of discovery in addition to their opposition to class certification.

   6. **Case Plan.**

      A. **Discovery Plan**

         1. **Discovery Needed and Proposed Scheduling Dates**

*Plaintiffs' Response*

Plaintiffs do not anticipate significant or burdensome discovery in this case. They will request documentation that confirms the size of the class (which Flex-N-Gate has represented under oath is 3,137 individuals), documents related to Flex-N-Gate's pre-employment application processes, and any non-privileged notes and documents from the third-party medical provider(s) surrounding the physical examinations required as part of those pre-employment application processes, specifically regarding the solicitation of genetic information. Plaintiffs also anticipate

deposing one or more of Flex-N-Gate's corporate representatives pursuant to Rule 30(b)(6), any custodians of records for Flex-N-Gate, as well as the depositions of the third-party medical provider(s) that performed the physical examinations in question.

*Flex-N-Gates' Response*

Flex-N-Gate does not agree with Plaintiffs' characterization of discovery. This case will involve third-party discovery for the two proposed class representatives. It will involve discovery to determine practices by third-parties over whom Flex-N-Gate lacks control and opposition to class certification may require a much broader discovery inquiry into the actions of other third-parties who were not involved in these Plaintiffs specific cases. The discovery schedule is presented with these complexities in mind in addition to the fact that a motion to dismiss has been filed, which may narrow the scope of discovery requested.

*The parties jointly propose the following discovery deadlines*:

| Discovery Event | Proposed Dates |
| --- | --- |
| Rule 26(a)(1) disclosures | October 7, 2024 |
| Issue initial written discovery | October 30, 2024 |
| Response to initial discovery due | December 13, 2024 |
| Fact discovery complete | May 12, 2025 |
| Plaintiffs' to disclose experts for class certification or merits, if any | June 6, 2025 |
| Flex-N-Gate defendants to disclose experts in opposition to class certification or merits, if any | July 11, 2025 |
| Motion for Class Certification and Summary Judgment Due | August 1, 2025 |
| All expert discovery complete by | September 5, 2025 |

**B. Trial**

Plaintiffs, individually and on behalf of all others similarly situated, have demanded a jury trial. The parties anticipate that the trial will last three to four (3-4) days.

7

**7.      Settlement Discussions**

The parties have had preliminary discussions around a possible settlement. No formal settlement demand from Plaintiffs has been made to date.

Plaintiffs believe an early settlement conference would be productive and allow the parties to assess the strength of their claims and Flex-N-Gate's potential exposure.

Flex-N-Gate believes that a settlement conference prior to resolution of the motion to dismiss and depositions of the class representatives would be premature while its motion to dismiss remains pending and while third-party issues remain unresolved.

Dated: September 12, 2024

| | |
|---|---|
| */s/ S. Jarret Raab* | */s/ J. David Duffy* |
| Gary M. Klinger | J. David Duffy |
| S. Jarret Raab | Dremain T. Moore |
| **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC** | **THOMPSON COBURN LLP** |
| 227 W. Monroe Street, Suite 2100 | 55 East Monroe St., 37th Floor |
| Chicago, Illinois 60606 | Chicago, Illinois 60603 |
| Tel.: 866.252.0878 | 312-346-7500 |
| jraab@milberg.com | dduffy@thompsoncoburn.com |
| | dmoore@thompsoncoburn.com |
| Alan M. Feldman | *Counsel for Defendants* |
| Zachary Arbitman | |
| George Donnelly | |
| **FELDMAN SHEPHERD WOHLGELERNTER TANNER WEINSTOCK & DODIG, LLP** | |
| 1845 Walnut Street, 21st Floor | |
| Philadelphia, PA 19103 | |
| Tel. (215) 567-8300 | |
| afeldman@feldmanshepherd.com | |
| zarbitman@feldmanshepherd.com | |
| gdonnelly@feldmanshepherd.com | |

*Counsel for Plaintiffs*