UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER SHEPHERD and BRYANT DAVIS, individually and on behalf of all other similarly situated persons, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>FLEX-N-GATE LLC, and Illinois limited liability company; FLEX-N-GATE PLASTICS LLC, and Illinois limited liability company; and FLEX-N-GATE CHICAGO, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 1:24-cv-06600<br><br>Hon. Sara L. Ellis |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

## SUMMARY OF ARGUMENT

Plaintiffs Christopher Shepherd ("Shepherd") and Bryant Davis ("Davis") filed this suit (on behalf of themselves and the putative class) against Defendants Flex-N-Gate LLC's, Flex-N-Gate Plastics LLC's and Flex-N-Gate Chicago LLC (collectively, "Flex-N-Gate") as a result of their violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.* ("GIPA"). Specifically, and as the Complaint makes clear, Flex-N-Gate required Plaintiffs to participate in an employment application process—which Flex-N-Gate controlled—that involved the solicitation and collection of their genetic information during a mandatory preemployment medical examination. This is a clear violation of GIPA under the plain language of sec. 25(c)(1).

Flex-N-Gate, emphasizing the "dearth of binding GIPA decisions on point,"[1] raises a litany of arguments derived from case law analyzing various federal statutory schemes that are *not* at issue in this case. But conspicuously absent from Flex-N-Gate's analysis is *any* recognition, let alone discussion, of numerous recent state and federal decisions that have flatly rejected Flex-N-Gate's positions. *See, e.g.*, *Henry v. Abbvie, Inc.*, 2024 WL 4278070, at * 6-7 (N.D. Ill. Sept. 24, 2024) (merely requesting information regarding an employee's family medical history during a mandatory preemployment physical violates GIPA); *Ginski v. Ethos Seafood Group, LLC*, 2024 WL 4265249, at * 8 (N.D. Ill. Sept. 23, 2024) ("Section 25(c) of GIPA provides that it is unlawful for an 'employer'…to 'directly **or indirectly**' solicit genetic information from a prospective employee. To the extent that Defendants are suggesting a third party performed the examinations at issue, that does not appear to save them from GIPA's reach.") (internal citations omitted); *Williams v. The Peoples Gas Light and Coke Co.*, 2023 CH 08058 (Cir. Ct. Cook Co. Ill. July 1, 2024) (third-party physician's request for information relating to employee's family medical

---

[1] Flex-N-Gate Memo at p. 12.

history during preemployment examination sufficient to support actionable GIPA claim against employer).[2] Indeed, Flex-N-Gate attempts to avoid the prevailing view by misrepresenting Plaintiffs claims, creating straw man arguments, and in several instances, plainly misstating the law. At bottom, Plaintiffs have articulated a viable GIPA claim with clear, specific, well-pled facts related to Flex-N-Gate's preemployment practices. Flex-N-Gates' Motion fails on all fronts.

## RELEVANT FACTS

Flex-N-Gate employs tens of thousands of employees across the country, many of whom live and work in Illinois. Compl. at ¶ 22. Since it employs individuals in Illinois, Flex-N-Gate is considered an employer under GIPA. *Id.* at ¶ 23; 410 ILCS 513/10. Flex-N-Gate operates assembly lines and factories as part of its core business and requires potential employees to submit to fitness-for-duty medical examinations as part of its hiring process. *Id.* at ¶¶ 6, 24, 29. These evaluations are done through a combination of written questionnaires and in-person examinations with a doctor or other health professional. *Id.* at ¶ 25. Completing these examinations is a condition of employment for potential employees. *Id*. at ¶¶ 25, 33, 57.

Flex-N-Gate performs these examinations through third-party medical professionals. *Id.* at ¶¶ 26, 33. Flex-N-Gate does not instruct these medical professionals to refrain from asking questions about potential employees' family medical histories and likewise did not instruct Plaintiffs to refuse to answer questions about their family medical histories. *Id*. at ¶¶ 26, 35, 39. During these evaluations, Flex-N-Gate, through its selected medical providers, asked potential employees questions about their family medical histories, including family history of heart disease, diabetes, or cancer. *Id.* at ¶¶ 27, 34, 57. Family medical history is considered genetic information under GIPA, and Flex-N-Gate directly and/or indirectly solicits such information as a precondition

---

[2] A true and correct copy of the circuit court's decision in *Williams* is attached as **Exhibit 1**.

2

of employment and as part of its preemployment application process. *Id.* at ¶¶ 28, 33; *see also* 410 ILCS 513/10; 45 C.F.R. § 160.103. Flex-N-Gate uses this practice on all prospective Illinois employees. *Id.* at ¶ 40.

Plaintiffs Shepherd and Davis were both asked about their genetic information as part of the preemployment application process with Flex-N-Gate. *Id.* at ¶ 31. Davis worked at one of Flex-N-Gate's locations in Cook County in 2022 and 2023. *Id.* at ¶ 32. As part of the preemployment application, and as a condition of his employment, he was asked to take a medical examination via a third party medical provider. *Id.* at ¶ 33. The examination not only tested Davis's ability to lift heavy objects, eyesight, and hearing, but also included questions from the medical professional about Davis's family medical history. *Id.* at ¶¶ 33-34. Specifically, Mr. Davis was asked about whether there was a history of diabetes or high blood pressure in his family. *Id*. at ¶ 34.

Shepherd had a similar experience. He began working for Flex-N-Gate in November 2022 and worked for Flex-N-Gate in Cook County. *Id*. at ¶ 36. As part of the preemployment application process, and as a condition of his employment, Shepherd was required to submit to a medical examination where his ability to lift and push heavy objects was assessed, as was his ability to walk on a treadmill. *Id.* at ¶ 37. And like Davis, Shepherd's examination included questions about his family medical history; specifically, whether there was a history of diabetes in his family. *Id*. at ¶ 38.

Plaintiffs filed their putative class action Complaint in the Circuit Court of Cook County, Illinois on June 24, 2024. *See* ECF 2-1. Flex-N-Gate removed this action on July 29, 2024 and subsequently moved to dismiss the action on September 9, 2024. *See* ECF 2, 11 and 13.

## LEGAL ARGUMENT

A. <u>Legal Standard</u>.

A motion to dismiss under Rule 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." Fed. R. 12(b)(6); *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015). The complaint is sufficient, and the motion must fail, when the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts accept factual allegations in the complaint as true when deciding a motion to dismiss. *Kanter v. Barr*, 919 F.3d 437, 441 (7th Cir. 2019) (abrogated on other grounds).

B. <u>The Complaint States an Actionable Claim Under Sec. 25(c)(1) of GIPA</u>.

Plaintiffs had their genetic information solicited by a third-party medical provider as part of Flex-N-Gate's mandatory preemployment application process. This, in and of itself, is a GIPA violation under the plain language of sec. 25(c)(1). In fact, the cause of action articulated in the Complaint has been validated by at least *seven* state and federal trial courts. Flex-N-Gate goes to considerable lengths to avoid *any* discussion of the prevailing authority, apparently recognizing that virtually every court that has evaluated the issue has explicitly held that the types of factual allegations asserted by Plaintiffs in this case are sufficient to state a GIPA claim. Flex-N-Gate's arguments in support of dismissal are unavailing and should be rejected.

1. **Plaintiffs' well-pled facts establish that Flex-N-Gate solicited genetic information in direct violation of GIPA.**

Flex-N-Gate first argues that Plaintiffs have failed to plead the elements of a GIPA claim, but this is incorrect. Flex-N-Gate violated GIPA the moment Plaintiffs were asked to provide their

4

family medical history to the third-party medical providers conducting examinations as part of Flex-N-Gate's preemployment application process. Section 25(c)(1) of GIPA provides that no employer shall *directly or indirectly* "solicit, request, require or purchase genetic testing or genetic information of a person or a family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure." 410 ILCS 513/25(c)(1) (emphasis added).

The plain language of the statute clearly establishes that (directly or indirectly) soliciting genetic information as a precondition of employment or as part of the preemployment application process constitutes a GIPA violation, and courts agree. *See Henry,* 2024 WL 4278070 at *6 (in denying motion to dismiss, court held that "[a]ny request for family medical history is a request for genetic information. [Plaintiff] claims he was asked about whether certain conditions, such as cardiac conditions, cancers, and diabetes, had manifested in either his maternal or paternal lines. This falls under the definition of genetic information in HIPAA and GIPA."); *Ginski*, 2024 WL 4265249 at *8 (assertion that medical provider inquired about plaintiff's "family history of high blood pressure, cancer, and heart disease" during mandatory preemployment physical "adequately alleged Defendants solicited genetic information for purposes of a GIPA claim."); *McKnight v. United Airlines, Inc.*, 2024 WL 3426807, at *4 (N.D. Ill. July 16, 2024) (finding plaintiffs' allegations that their genetic information was solicited during required preemployment physical examinations to be sufficient to state a claim under GIPA); *Taylor v. Union Pac. R.R. Co.*, 2024 WL 3425751, at *1 (N.D. Ill. July 16, 2024) (denying motion to dismiss recognizing that plaintiff's "sole legal theory is that Union Pacific "solicited, requested, or required Plaintiffs to disclose family medical history as a condition of employment during the application and hiring process."); *Branson v. Caterpillar, Inc.*, 2024 WL 3823157, at *3 (N.D. Ill. Aug. 14, 2024) (in denying

5

defendant's motion to dismiss, court held that "[a] request for an employee's family medical history, even without explicit reference to a disease or disorder suggesting genetic predisposition, is a request for genetic information under GIPA."); *Weller v. Sagility*, 23-cv-15626, Doc. 19 (N.D. Ill. March 25, 2024) (allegation that plaintiff disclosed family medical history during telephonic interview that was a condition of employment sufficient to state a claim under GIPA); *Williams*, 2023 CH 08058 ("as Plaintiff alleges that the third-party physician requested information relating to [his parent's] medical conditions including cardiac health, cancer, and diabetes, Plaintiff has sufficiently alleged the solicitation of genetic information as required under GIPA for pleading purposes.").

This is exactly what Plaintiffs allege in their Complaint; Flex-N-Gate required potential employees, including Shepherd and Davis, to submit to medical examinations as part of the preemployment application process. Compl. at ¶¶ 24, 33, 37. At the fitness-for-duty examinations, Plaintiffs were asked to disclose whether they had family medical histories of diabetes or high blood pressure. *Id.* at ¶¶ 34, 38. This is a textbook GIPA claim under a plain reading of sec. 25(c)(1) of GIPA and the rule established in *Henry*, *Ginski*, *McKnight*, *Taylor*, *Branson*, *Weller*, and *Willams*. Flex-N-Gate's assertion that Plaintiffs' claims are mere "conclusory allegations"[3] and that Plaintiffs "fail to allege any details about what questions were asked"[4] are nonsensical. The Complaint specifically identifies the *exact* questions that were posed to Plaintiffs—which amounted to an illegal solicitation of genetic information. *See* Compl. at ¶¶ 34, 38.

Flex-N-Gate also wrongly argues that Plaintiffs failed to link Flex-N-Gate to the questions asked by its selected medical providers and that agency cannot be imputed upon Flex-N-Gate. But

---

[3] Flex-N-Gate Memo at 6.
[4] *Id*. at 8.

Flex-N-Gate was in complete control of the process.[5] During the relevant medical examinations, Flex-N-Gate, through its approved medical provider, solicited and compelled the disclosure of genetic information from job applicants, including Shepherd and Davis. It is very much Flex-N-Gate's job to ensure that its required preemployment application process complies with the law. *United States v. Dish Network L.L.C.*, 954 F.3d 970, 976 (7th Cir. 2020) ("The norm of agency is that a principal is liable for the wrongful acts of the agent taken within the scope of the agency— that is, the authority to complete the task assigned by the principal.").

Moreover, the Complaint makes clear that, at a minimum, Flex-N-Gate *indirectly* solicited Plaintiffs' genetic information by requiring Shepherd and Davis to undergo medical examinations with an approved third-party provider (*i.e.*, Physicians Immediate Care)[6] during which they were required to disclose their family medical history. That is all that it needed to establish a violation under the plain and unambiguous language in sec. 25(c)(1) of GIPA. This precise issue was addressed in both *Ginski* and *Williams*, in which the respective courts explicitly held that an employer faces liability under GIPA for the conduct of a third-party medical provider during a mandatory preemployment examination even in the absence of an agency relationship between the employer and provider. *Ginski*, 2024 WL 4265249 at *8; *Williams*, 2023 CH 08058 (Ex. 1 at pp. 5-6).

Flex-N-Gate's extensive discussion regarding the Employment Application "questionnaires" it produced as part of its Motion misses the mark as it ignores the crux of Plaintiffs' claims: the GIPA violations occurred when Flex-N-Gate's medical providers asked Plaintiffs to disclose their genetic information during their mandatory preemployment

---

[5] Notably, Flex-N-Gate admits this in the exhibits attached to its supporting memorandum, as the questionnaires referenced by Flex-N-Gate establish that the medical examinations were done on behalf or at the behest of Flex-N-Gate.
[6] Flex-N-Gate Memo. at Ex. A, B.

7

examinations. The fact that Flex-N-Gate's Employment Applications did not require Plaintiffs to disclose their family medical history is a red herring. Indeed, the Employment Applications were not the mechanism by which Flex-N-Gate improperly violated GIPA. To be clear, the present case arises from the improper solicitation of Plaintiffs' family medical histories during Flex-N-Gate's mandatory preemployment medical examinations. Plaintiffs' GIPA claims have *nothing* to do with their completion of Flex-N-Gate's written job application.

Flex-N-Gate's next argument, that the Complaint is legally deficient because there are no factual allegations that Flex-N-Gate "actually used [Plaintiff's] genetic information as a basis to fire or deprive them of employment opportunities",[7] is similarly off-base if not outright disingenuous. This legal theory, which is based upon the statutory language contained in the federal Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 2000ff *et seq.*, is entirely inapplicable to Plaintiff's state law action under sec. 25(c)(1) of GIPA. Plaintiffs' claims in this case relate to the solicitation of genetic information during the preemployment application process, not whether or how Flex-N-Gate used that information. In fact, Flex-N-Gate's precise argument has been explicitly rejected by virtually every court that has considered it.

In *Taylor*, the district court concluded that:

> Section 25(c)(1), however, does not include the "misuse" requirement that [the defendant] asks the Court to read in. It prohibits "solicit[ing], request[ing], require[ing] or purchas[ing]" genetic information as a condition of employment and preemployment application, 410 ILCS 513/25(c)(1), but it says nothing about the use of that information. Other provisions in Section 25 explicitly address "using" genetic information to discriminate. *See* 410 ILCS 513/25(e). And to the extent that [the defendant] uses the term "misuse" more broadly, Plaintiffs' allegations clearly fall within the broad definition by alleging that [the defendant] "misused" genetic information by requesting its disclosure as a condition of employment.

2024 WL 3425751 at *7. Similarly, the *Henry* court found that "[s]ection 25(c)(1) of GIPA does

---

[7] *Id.* at 10.

8

not require that an employer *use* information improperly. Instead, simply *requesting* information is prohibited." 2024 WL 4278070 at *7. In *McKnight*, the court likewise concluded that the prohibitions in sec. 25(c)(1) pertain only to the solicitation, request for, or purchase of genetic information as a condition of employment or preemployment application; an employer's *use* of an employee's genetic information is entirely irrelevant under this code section. 2024 WL 3426807 at *4. Stated plainly, Plaintiffs have properly pled a claim under sec. 25(c)(1) of GIPA and Flex-N-Gate's argument to the contrary is simply wrong.

Finally, Flex-N-Gate buries in a footnote[8] an argument that somehow any disclosure or solicitation of genetic information was "inadvertent," and thus protected by GIPA's safe harbor provision. But this exception to the general disclosure rule is more appropriately raised as an affirmative defense that, if even applicable, raises factual issues that must be determined at summary judgment or trial, not at the pleading stage. *See Branson*, 2024 WL 3823157 at *4 (rejecting the inadvertent request exception to GIPA at the motion to dismiss stage because the defense requires a fact-specific analysis). The issue of Flex-N-Gate's intent regarding the supposed inadvertent disclosure of Plaintiffs' family medical history is not yet ripe for determination and does not serve to bar Plaintiffs' lawsuit at this preliminary stage of the litigation. *Id*. In fact, given the allegations in the Complaint (and the lack of evidence establishing what, if any, limitations Flex-N-Gate placed upon its chosen third-party medical provision), it is reasonable to infer that Flex-N-Gate's insistence that Plaintiff submit to a pre-employment medical examination would have resulted in the disclosure of his family medical history. Thus, as in *Branson*, the Complaint states a valid claim under GIPA and the Motion must be denied.

Additionally, case law interpreting the analogous safe harbor provision found GINA is

---

[8] *Id*. at 9, n. 4.

9

instructive. GINA's similar provision exempts instances "where an employer inadvertently requests or requires family medical history of the employee or family member of the employee." 42 U.S.C. § 2000ff-1(b). This language is clarified in regulations stating that "[i]f a covered entity acquires genetic information in response to a lawful request for medical information, the acquisition of genetic information will not generally be considered inadvertent unless the covered entity directs the individual and/or health care provider from whom it requested medical information ... not to provide genetic information." 29 C.F.R. § 1635.8(b)(1)(i)(A). "The exceptions to this general rule are limited, such as when 'an overly broad *response* is received in response to a tailored request'…; the request is made under certain employment laws…; or the disclosure is made in some kind of accidental communication, like an overheard conversation…" *Taylor v. Union Pac. R.R. Co.*, 2024 WL 3425751, at *6 (N.D. Ill. July 16, 2024) (emphasis added).

Here, Plaintiffs did not give an "overly broad response" to a "tailored request" not seeking genetic information. Instead, they were asked specifically for genetic information. Plaintiffs explicitly assert that Flex-N-Gate did not direct them to avoid providing genetic information during the required medical examination during the pre-employment application process. That itself defeats Flex-N-Gate's argument, as made clear by *Taylor*. *Id.* at *6 ("During that examination, [defendant's] medical provider allegedly asked about family medical history, including cardiac health, cancer, and diabetes, through written and verbal questions…At this stage, that is enough to allege that [defendant's] request or solicitation was not inadvertent.").

2. **"Genetic information" includes the manifestation of a disease or disorder in family members of an individual.**

Flex-N-Gate contents that, even if Plaintiffs were asked about their family medical history during the preemployment application process, this medical history does not constitute "genetic information" since the diseases mentioned were not genetic diseases. But this argument is *not*

10

meritorious. In reaching its conclusion, Flex-N-Gate disregards the plain language of GIPA, ignores case law from this district that is directly on point, and instead discusses cases with no bearing to the issue at hand. GIPA's definition of "genetic information" comes from HIPPA and includes "[t]he manifestation of a disease or disorder in family members of such individual." 410 ILCS 513/10; 45 C.F.R. § 160.103. As Flex-N-Gate notably concedes at the end of a string cite,[9] *Branson* addresses this issue head on and plainly refutes Flex-N-Gate's position. 2024 WL 3823157 at *3 ("The state statute's text and federal regulations interpreting GINA's parallel provisions make clear that genetic information includes family medical history…The statute does not limit the category of 'family medical history' to diseases or disorders that implicate inheritability." Flex-N-Gate's argument is also directly undermined by *Henry*, which unequivocally provides: "A disease or disorder that would not be considered genetic information as it pertains to an individual could still be protected genetic information if it manifests in their family members because of its possible use as an impermissible proxy….Any request for family medical history is a request for genetic information under GIPA." 2024 WL 4278070 at *6.

And, even if one were to read into the plain language of GIPA and HIPPA the need for family medical history to be "genetic" in nature, the diseases and disorders Plaintiffs were asked to disclose (*i.e.*, diabetes, high blood pressure) are the very types that are considered to be affected by genetics. *See McKnight*, 2024 WL 3426807 at *3 ("In this case, Plaintiffs allege that United solicited or requested their family histories with 'high blood pressure, cancer, diabetes, heart disease, and other medical conditions.' As the cases above demonstrate, the manifestation of these kinds of diseases, unlike the flu or a broken arm, might suggest Plaintiffs' own predispositions to contract them.") (citing *Lee v. City of Moraine Fire Dep't,* 2015 WL 914440, at *11 (S.D. Ohio

---

[9] *Id*. at 11.

11

Mar. 3, 2015) and *Equal Emp. Opportunity Comm'n v. Dolgencorp*, LLC, 2022 WL 2959569, at *16 (N.D. Ala. July 26, 2022).

The cases cited by Flex-N-Gate confirm the fundamental flaws with its argument. *Bell v. PSS World Medical, Inc.*[10] dealt with plaintiff's *own medical history* hyperthyroidism, not her family medical history. The plaintiff in *Allen v. Verizon Wireless*[11] was similarly never asked about her family medical history, nor did she disclose it—she simply reported her own medical issues and then claimed, without support, that she was denied benefits due to her family medical history. The *Tedrow* case,[12] which Flex-N-Gate calls "instructive," is anything but. That case involved a teacher who was required to take a fitness-for-duty examination to return to work because of erratic behavior. Critically, there is nothing in the opinion or citations to the record suggesting that the defendant ever asked for, or plaintiff provided, family medical history during that examination. This is directly contrary to Flex-N-Gate's (patently false) statement that the *Tedrow* court dismissed plaintiff's claim "finding that medical information about a relative's non-genetic diseases did not constitute genetic information."[13]

3. **Plaintiffs' well-pled facts are sufficient to show reckless or intentional conduct at this early stage of litigation.**

Flex-N-Gate next adds that Plaintiffs have failed to plead facts showing reckless or intentional conduct. But courts examining this issue for both GIPA and its sister law, the Illinois Biometric Information Privacy Act, 740 ILCS 14/10 ("BIPA"), have found it is inappropriate to

---

[10] *Bell v. PSS World Medical, Inc.*, 2012 WL 6761660, at *3 (M.D. Fla. Dec. 7, 2012).
[11] *Allen v. Verizon Wireless*, 2013 WL 2467923, at *24 (D. Conn. June 6, 2013).
[12] *See Tedrow v. Franklin Township Community School Corporation*, 674 F. Supp. 3d 494 (S.D. Ind. 2023)
[13] Flex-N-Gate's represents that the opinion in *Tedrow* states that the plaintiff "alleg[ed] that a violation occurred when he was asked about family medical information during an employer-mandated fitness for duty exam." Mot. at 11, citing *Tedrow,* 674 F. Supp. 3d at 512. No where on that page does the court's opinion say anything of the sort.

dismiss plaintiffs' attempts to seek heighted damages at the pleadings stage if those plaintiffs have pled sufficient facts to state a claim. *See McKnight*, 2024 WL 3426807 at *7("As with BIPA, "[a] request for enhanced damages is a demand for relief, not part of a [GIPA] claim, therefore, [Plaintiffs] need not allege facts to show [they are] entitled to this enhanced relief."); *see Taylor*, 2024 WL 3425751 at *9 (same); *see also Sosa v. Onfido, Inc.*, 600 F. Supp. 3d 859, 874 (N.D. Ill. 2022)("[Plaintiff] need not plead facts (such as facts plausibly suggesting negligence, recklessness, or intentional conduct) that show his entitlement to these precise forms of relief."); *see also Cothron v. White Castle System, Inc.*, 467 F. Supp. 3d 604, 615 (N.D. Ill. 2020) (denying defendant's motion to dismiss plaintiff's claims for heightened damages after finding plaintiff had sufficiently pled a base violation of BIPA). This makes sense, since "[a] motion to dismiss under Rule 12(b)(6) does not permit piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015).

Even if that were not the case, at this early stage of litigation, and without access to information that will be available in discovery, Plaintiffs have done more than enough to plead facts supporting their claim that Flex-N-Gate's conduct was reckless or intentional. They pled that Flex-N-Gate employs individuals in Illinois, it mandates potential employees to undergo a medical examination at a third-party provider chosen by Flex-N-Gate during the preemployment application process, that it failed to make any efforts to avoid GIPA violations by informing the medical provider or Plaintiffs to not solicit or disclose genetic information during the examination, and that it knew or should have known about GIPA's requirements before implementing this process without adequate safeguards to prevent violations of the law. That is sufficient to plead "recklessness" at this stage of the litigation. *See Horn v. Method Products, PBC*, 2022 WL

13

1090887, at *2 (N.D. Ill. Apr. 12, 2022) ("And even treating state of mind as an element of a BIPA claim, by alleging that [defendant] has made no effort to comply with BIPA, [plaintiff] has pleaded facts to suggest that [defendant] acted with negligence, recklessness, or intent.").

### 4. Plaintiffs filed this suit within the applicable five-year statute of limitations period for GIPA claims.

Flex-N-Gate also insists that a one or two-year statute of limitations should apply to GIPA claims, thus one or both of Plaintiffs' claims are time-barred. Again, Flex-N-Gate ignores the prevailing law. The *Ginksi* and *Taylor* courts specifically rejected the arguments made by Flex-N-Gate here, concluding that the five-year limitations "catchall" provision found in 735 ILCS 5/13-205 (as applied to BIPA) should be used for GIPA claims. *Ginski*, 2024 WL 4265249 at *11 ("Thus, consistent with the Illinois Supreme Court's analysis of BIPA, this Court declines to adopt 735 ILCS 5/13-202's more stringent 2-year statute of limitations and instead holds that 735 ILCS 5/13-205's five-year limitation period applies."); *Taylor* 2024 WL 3425751, at *7-8 ("The Court agrees that the five-year limitations period of Section 13-205 applies to claims under GIPA Section 25(c)(1)."); *see also Paradies v. Alden Estates-Courts of Huntley, Inc.*, 2023-CH-01311 (Nov. 8, 2023) (applying five-year statute of limitations to GIPA claim). Because Flex-N-Gate directly or indirectly solicited Plaintiffs' family medical histories less than five years ago, the present action was timely filed.

### C. Plaintiffs' Allegations in Paragraph 60 are Appropriate and Should Not be Stricken.

Flex-N-Gate curiously asks the Court to strike Plaintiffs' allegations in Paragraph 60 pursuant to Rule 12(f) even though "motions to strike are disfavored because they are considered drastic remedies. *Halbrucker v. Waste Mgmt. of Wisconsin*, 2007 WL 3125276, at *1 (E.D. Wis. Oct. 24, 2007). Its arguments make no sense. First, contrary to Flex-N-Gate's claims, Plaintiffs' allegations are supported in other portions of the Complaint. *See* Compl. at ¶¶ 26, 35, 39. Second,

14

Flex-N-Gate's failure to act to protect the rights of its potential employees is directly related to Plaintiffs' claims, even if the allegations are unnecessary to establish the elements of a GIPA claim. Flex-N-Gate has failed to "bear[] [its] burden of demonstrating that the challenged allegations are so unrelated to the plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Halbrucker* 2007 WL 3125276 at *1.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court deny Flex-N-Gate's Motion in its entirety.

Dated: October 15, 2024

Respectfully submitted,

*/s/ S. Jarret Raab*
Gary M. Klinger (ARDC # 6303726)
S. Jarret Raab (ARDC # 6294632)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Tel. 866.252.0878
gklinger@milberg.com
jraab@milberg.com

Zachary Arbitman*
George Donnelly*
FELDMAN SHEPHERD WOHLGELERNTER TANNER WEINSTOCK & DODIG, LLP
1845 Walnut Street, 21st Floor
Philadelphia, Pennsylvania 19103
Tel: 215.567.8300
zarbitman@feldmanshepherd.com
gdonnelly@feldmanshepherd.com

*Counsel for Plaintiff and Proposed Class*

*Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 15, 2024 the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

*/s/ S. Jarret Raab*
S. Jarret Raab