# **EXHIBIT 1**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| Tajze Williams, individually and on behalf of all others similarly situated, | Case No. 2023 CH 08058 |
| Plaintiff, | Motion to Dismiss |
| v. | Calendar 1 |
| The Peoples Gas Light and Coke Company, | Hon. Thaddeus L. Wilson Judge Presiding |
| Defendant. | |

**ORDER**

THIS MATTER comes before the Court on Defendant's Motion to Dismiss pursuant to Section 2-619.1. The Court, having heard oral argument, reviewed the pleadings and applicable law, finds as follows:

**I.  Factual Background**

On September 11, 2023, Plaintiff Tajze Williams filed a putative class action complaint against the Peoples Gas Light and Coke Company ("PGL"). In the Complaint, Williams alleges that in August 2020, he applied for a utility worker position in one of Defendant's Chicago facilities. According to Williams, he was required to complete a pre-employment physical as a prerequisite to his employment process. Williams contends, during the physical, he was required to disclose, at the physician's request, various family medical history including whether medical conditions with genetic predispositions have manifested in his parents or grandparents.

Plaintiff additionally alleges that after suffering a work-related injury, he was required to undergo a physical examination during which the provider requested that he disclose family medical history, including whether medical conditions with genetic predispositions have

manifested in his parents or grandparents. Plaintiff asserts the actions by Defendant violated certain sections of the Illinois Genetic Information Privacy Act. 410 ILCS 513 et seq.

**II.   Legal Standard**

Defendant moves for dismissal under 2-619.1.[1] Section 2- 619.1 of the Code provides that section 2-615 and section 2-619 motions may be filed together as a single motion. However, a combined motion shall be divided into parts limited to and specify the single section of the Code under which relief is sought. *Burton v. Airborne Express, Inc*. Ill App. 3d 1026, 1029 (5th Dist. 2006).

"A motion to dismiss under section 2-615 of the Code challenges the complaint's legal sufficiency by alleging defects on its face." *Iseberg v. Gross*, 366 Ill. App. 3d 857, 860 (1st Dist. 2006). In reviewing the sufficiency of the Complaint, the Court must accept as true all well plead facts and reasonable inferences that may be drawn from those facts and must construe the allegations in the light most favorable to the Plaintiff. *Id*. at 860. "A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which entitle the plaintiff to recover." *Continental Mobile Telephone Co. v. Chicago S M S A Ltd. Partnership*, 225 Ill. App. 3d 317, 324 (1st Dist. 1992). Section 2-619 allows for the dismissal of a complaint when the claim asserted against Defendant is barred by an affirmative matter avoiding the legal effect of or defeating the claim. *Krewionek v. McKnight*, 2022 IL App (2d) 220078, ¶20.

---

[1] While Defendant brings the instant Motion under Section 2-619.1, the Motion is not divided into parts that are limited to and specify the single section of the Code under which relief is sought. However, whether analyzed under either 2-619 or 2-615, Defendant's arguments for dismissal fail.

### III. Analysis

#### A. Genetic Information

First, Defendant argues that Plaintiff's Complaint must be dismissed because the Complaint fails to allege a disclosure that constitutes genetic information under GIPA. According to Defendant, Plaintiff only alleges that he was asked to disclose his family medical history. PGL argues that this is not considered genetic information and, therefore, is not protected by GIPA. According to Defendant, in the context of the Genetic Nondiscrimination Act of 2008 ("GINA") courts have determined that the medical condition disclosed must be linked to a specific genetic condition.

Genetic information under GIPA has the same meaning ascribed to it under HIPAA as specified in 45 CFR 160.103. 410 ILCS 513/10. Under 45 CFR 160.103, genetic information is defined as (i) the individual's genetic tests, (ii) the genetic test of family members of the individual, (iii) the manifestation of a disease or disorder in family members of such individual, or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services by the individual or any family member of the individual. 45 CFR 160.103.

In the Complaint, Plaintiff alleges that he was asked to disclose his family medical history, including whether medical conditions with genetic predispositions have manifested in his parents, including cardiac health, cancer, and diabetes, among other things. Complaint at ¶27. It is beyond dispute that the type of information allegedly requested by the third-party physician included genetic medical conditions. While it is accurate that under the statute, the alleged information solicited must be genetic, the information Plaintiff states that he was requested to disclose is genetic in nature. "Some cardiac conditions have a genetic component to them. These genetic components, called inherited genetic mutations, can predispose a person to develop a cardiac condition." Rachel Keppers, *Genetic Testing gives insight into Cardiac Conditions*, Mayo Clinic

Health Systems (last visited June 28, 2024, at 1:19 p.m.), https://sncs-prod-external.mayo.edu/hometown-health/speaking-of-health/genetic-testing-and-cardiac-conditions. Viewing the allegations in a light most favorable to the nonmoving party, as Plaintiff alleges that the third-party physician requested information relating to medical conditions including cardiac health, cancer, and diabetes, Plaintiff has sufficiently alleged the solicitation of genetic information as required under GIPA for pleading purposes.

    B.    **Standing**

Next, Defendant argues that Plaintiff's Class-Action Complaint should be dismissed because Plaintiff does not have standing to bring the instant claims. Specifically, Defendant asserts Plaintiff lacks standing because he has not suffered an injury in fact traceable to an act by Defendant. In response, Plaintiff counters with the argument that based upon the language and case law surrounding the Illinois Biometric Information Protection Act ("BIPA"), GIPA likewise has a broad private right of action as the two statutes are nearly identical.

Under GIPA, "any person aggrieved by a violation of this Act shall have a right of action "against any party who negligently, intentionally, or recklessly violated the Act. The Act also allows one to recover attorney's fees and costs and allows one to seek injunctive relief. 410 ILCS 513/40. Likewise, under BIPA, "any person aggrieved by a violation of this Act" can seek liquidated damages for negligent or reckless violations, injunctive relief, and attorney's fees and costs. 740 ILCS 14/20(a).

While the Court acknowledges GIPA and BIPA are two separate and distinct statutes, the nearly identical language guides this Court's determination that Plaintiff has standing to pursue the instant claims as he has alleged a violation of GIPA. The Illinois Supreme Court recently addressed an issue of whether an additional type of injury or damage to a Plaintiff must be alleged

more than a Defendant violated a provision of BIPA. *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186, ¶14. The Court stated that such a person or customer would clearly be "aggrieved" within the meaning of section 20 of the Act and entitled to seek recovery under that provision. No additional consequences need be pleaded or proved. The violation, in itself, is sufficient to support the individual's or customer's statutory cause of action. *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186, ¶33. In the instant case, Williams pleads facts to support a violation of GIPA by PGL. Following the Supreme Court in *Rosenbach*, which this Court finds instructive given the nearly identical language in GIPA and BIPA, Williams has standing to bring the instant claims without needing to allege a further injury other than a violation of GIPA.

    C.    **Third-Party Physician**

Finally, Defendant asserts that PGL cannot be held liable for the actions of a third-party physician under GIPA nor can PGL be liable under an agency theory because Plaintiff hasn't plead any connection between PGL and the third-party physicians. In response, Plaintiff contends that following GIPA's federal counterpart, the Genetic Information Nondiscrimination Act of 2008, to plead a violation of GIPA, one must only allege that there was a direct or indirect request for genetic information and that the request was made as a condition of employment.

Under GIPA:

> "An employer, employment agency, labor organization, and licensing agency shall not directly or indirectly do any of the following: (1) solicit, request, require or purchase genetic testing or genetic information of a person or a family member of the person, . . . . as a condition of employment, preemployment application, labor organization membership or licensure."

An employer must directly or indirectly solicit, request, or require genetic information to be liable. Plaintiff does not allege that PGL directly and intentionally requested genetic information, but

asserts that they are nevertheless liable because the third party physician requested genetic information on behalf of PGL which is an indirect violation.

In the Complaint, Plaintiff alleges that on or around March 20, 2023, he was required by Defendant to undergo a physical examination conducted by a third-party medical provider, Concentra, located at 3145 S. Ashland, Suite 110, Chicago, IL 60608. Complaint at ¶38. Likewise, at the oral argument on the Motion, Plaintiff argued that he was required to go to certain approved doctors for his examinations. In other words, Plaintiff alleges that he was required to obtain services from a procured list of providers contracted by Defendant for the mandated medical services. While the allegations connecting the third-party physician and the PGL are minimal, viewing the facts in a light most favorable to the Plaintiff, as required under the law, the allegations are sufficient to state a cause of action for an indirect violation of GIPA.

IV. **Conclusion**

Based on the above discussion,

**IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss is **DENIED**.

2. Defendant shall answer Plaintiff's Complaint by July 31, 2024.

3. This matter is set for **status** and further **case management** on **August 12, 2024, at 11:00 a.m.** The parties may either appear in-person in Courtroom 2307 or appear remotely via Zoom, unless otherwise ordered by the Court. [Meeting ID: 876 8729 8501 / Passcode: 926987]

**ENTERED**
Judge Thaddeus L. Wilson – 1976
July 1, 2024
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

ENTERED:

1976

_____
Hon. Thaddeus L. Wilson