AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SCOTT COLLINS**, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**NTN BEARING CORPORATION OF AMERICA, NTN USA CORPORATION**, and **AMERICAN NTN BEARING MANUFACTURING CORPORATION**.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 24-cv-6726<br>)<br>) Honorable Mary M. Rowland<br>)<br>)<br>)<br>)<br>)<br>) |

_____

## SUBPOENA RIDER

### INSTRUCTIONS

These requests seek only Documents within Your possession, custody, or control.

If You object to any particular request, state the grounds with specificity as required by Federal Rule of Civil Procedure 45(d)(2)(B) to allow Plaintiff to understand fully how the objection relates to his request.

If You object to any particular request, state whether any responsive materials are being withheld on the basis of the objection as required by Federal Rule of Civil Procedure 45(d)(2)(B). In particular, please state clearly—for each request—what categories of documents are being produced, and what categories of Documents (if any) are not being produced. This will allow Plaintiff to understand Your responses and streamline the meet and confer process.

Except as otherwise agreed, Documents should be produced in the same manner as they are kept or maintained by You in the ordinary course of Your business as required by Federal Rule of Civil Procedure 45(e)(1)(A).

If You are unable to respond fully to any document request, respond to the extent possible and specify the reasons for Your inability to respond in full.

If You assert privilege with respect to part of a responsive Document, redact the privileged portion and indicate clearly on the document where the material was redacted. Produce the redacted Document even if You believe that the non-redacted portion is not responsive. Identify the redacted portions on the privilege log in the same manner as withheld Documents.

Excluding privileged information, You are to produce each responsive Document in its entirety, without deletion or excision, regardless of whether You consider the entire Document to be relevant or responsive to the Requests.

If any Document is known to exist but cannot be produced, that Document is to be specifically identified as precisely as possible and the reasons for the inability to produce that Document stated.

These requests are continuing in nature so as to require supplemental responses if You or any Person acting on Your behalf obtains additional information called for by this request.

To avoid ambiguity when construing these requests, please note:

The singular form of a noun or pronoun includes its plural form, and vice versa.
The use of any masculine or feminine pronoun includes both the feminine and the masculine.
The use of a verb tense it to be construed as the use of the verb in all other tenses, whenever necessary to bring into the scope of the specification all responses that might otherwise be construed to fall outside the scope.
"And" and "or" are terms of inclusion, not exclusion. They shall be construed either disjunctively or conjunctively as necessary to bring within scope any answer that might otherwise be construed to be outside its scope.
"Includes" means "includes, without limitation."
The word "privilege" encompasses the attorney work-product doctrine.

Undefined words have the same meaning as they have in Merriam-Webster's online dictionary, available at https://www.merriam-webster.com/.

To the extent responses or documents qualify as "Confidential Information" as defined by the Northern District of Illinois Model Protective Order, ¶ 2, available at https://www.ilnd.uscourts.gov/_assets/_news/General%20Order%2012-0018%20-%20Form%20LR26.2%20Model%20Confidentiality%20Order.pdf, Plaintiff will adhere to the "Protection of Confidential Material" requirements as stated in that Order at ¶ 5 and any subsequent Court order governing protection of confidential information.

Documents containing sensitive medical or personal information, save for those involving Plaintiff Scott Collins, should be redacted to remove any and all identifying information of the individual for whom the document was created, but should not redact notes from the medical professional conducting the Medical Examination.

All metadata must be provided in connection with ESI requested, including file, application, and system metadata. The following list identifies the metadata fields You are requested to produce:

- **BegBates**: Beginning Bates Number
- **EndBates**: Ending Bates Number
- **BegAttach**: Beginning Bates number of the first document in an attachment range
- **EndAttach**: Ending Bates number of the last document in attachment range
- **Attachment Withheld**: "Yes," for withheld attachments; otherwise, blank
- **Attachment Count**: Number of attachments
- **Custodian**: Name of the Custodian of the File(s) Produced – Last Name, First Name format
- **All Custodians**: Names of all Custodians of the File(s) Produced – Last Name, First Name format
- **All File Path:** Folder and folder path where the file resided in the normal course of business for all copies of documents, including de-duped copies
- **Confidentiality:** Confidentiality designation branded on the document
- **Page Count**: total number of single-page TIFF files
- **Redacted**: "Yes," for redacted documents; otherwise, blank
- **FileName**: Filename of the original digital file name, including for attachments
- **FilePath**: Folder and folder path where the file resided in the normal course of business
- **File Extension**: File extension of the original digital file
- **NativeLink**: Path and filename to produced Native file
- **EmailSubject**: Subject line extracted from an email message
- **Title**: Title field extracted from the metadata of a non-email document
- **Author**: Author field extracted from the metadata of a non-email document
- **Email From**: From field extracted from an email message
- **Email To**: To or Recipient field extracted from an email message
- **Email Cc**: CC or Carbon Copy field extracted from an email message
- **Email BCC**: BCC or Blind Carbon Copy field extracted from an email message
- **Email Importance**: "Yes," for emails flagged by author or recipient as important; otherwise, blank
- **DateSent**: Sent date of an email message (mm/dd/yyyy format)
- **DateCreated**: Date that a file was created (mm/dd/yyyy format)
- **DateModified**: Modification date(s) of a non-email document
- **Fingerprint**: MD5 or SHA-1 hash value generated by creating a binary stream of the file
- **ProdVolume**: Identifies production media deliverable
- **ExtractedText**: File path to Extracted Text/OCR File
- **Conversation ID**: Email thread created by email system, character string of numbers and letters created in initial email and added to for each reply or forward of the email.

**DEFINITIONS**

  i. "You," "Your" and "Experity" means Experity Health and any respective predecessor, successor, subsidiary, or affiliated companies, as well as any respective employees, agents, attorneys, investigators, or any other person or entity acting on their behalf.

  ii. "PIC" means Physicians Immediate Care, WellNow Urgent Care, and their respective predecessors, successors, or affiliated companies, as well as any respective employees, agents, attorneys, investigators, or any other person or entity acting on their behalf.

  iii. "Collins" or "Plaintiff" means Scott Collins and any agents, representatives, or any other person or entity acting on his behalf.

  iv. "NTN" means NTN Bearing Corporation of America, NTN USA Corporation, and American NTN Bearing Manufacturing Corporation, individually or collectively, and any agents, representatives, or any other person or entity acting on their behalf.

  v. "Genetic Information" has the meaning ascribed to it by the Illinois Genetic Information Privacy Act, 410 ILCS 513/10, and means(i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) Any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.

  vi. "GIPA" means or refers to the Illinois Genetic Information Privacy Act, 410 ILCS 513/1 *et seq*.

  vii. "Medical Examination" means any pre-employment or post-employment medical examination or other similar Fitness-For-Duty evaluation or Return-To-Work evaluation performed for a NTN employee in Illinois or applicant for employment with NTN in Illinois.

  viii. "Complaint" means or refers to the Class Action Complaint and Jury Demand in the above-captioned matter originally filed on June 28, 2024 in the Circuit Court of Cook County, Illinois.

  ix. "Communication" means or refers to the transmission of information, facts, or ideas including, but not limited to, any correspondence, discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, note, memorandum, analog or digital recordings, voicemail, e-mail message, telegram, computer files, computer disks, text (SMS) message, advertisement or other form of exchange of words, whether oral or written. This Includes non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, or other correspondence sent or received by You to or from any entity, including but not limited to files maintained or exchanged internally within Your business or between Your employees.

  x. "Document" or "Documents" as used herein refers to all documents that are known to You or are in Your custody, possession or control and includes, but is not limited to, writing,

drawings, photographs, charts, emails, text messages, diagrams, or other data compilations from which information may be obtained and includes the original or a copy of any handwriting, printing, photographing, videotaping, tape recordings, film, video, disk, internet website, CD-ROM, and every other means of recording upon any tangible thing, any form of communication or representation including but not limited to letters, words, pictures, sounds, symbols or any combination thereof and computer programs, computer systems, or other equipment used to make, read, reproduce, analyze, or manipulate such data, or other form of exchange of words, whether oral or written, and other data or data compilations—including ESI —stored in any medium from which information can be obtained. This includes non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, or other correspondence sent or received by You to or from any entity, including files maintained or exchanged internally within Your business or between Your employees.

xi. "Electronically Stored Information" or "ESI," means and refers to computer generated information or data, of any kind, stored on computers, file servers, disks, tape or other devices or media, or otherwise evidenced by recording on some storage media, whether real, virtual, or cloud-based.

xii. "Metadata" means or refers to data about data, including but not limited to information embedded in a native file or other data that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage and validity of the electronic file as well as information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

xiii. "Native Data Format" means or refers to the format of ESI, whether structured or unstructured, in which it was generated and as used by the producing party in the usual course of its business and in its regularly conducted activities.

xiv. "Relevant Time Period" means the period beginning June 24, 2019 through and including the present date.

**DOCUMENT REQUESTS**

1. All documents reflecting Your contracts, agreements, business relationships, payments, invoices, and understandings with PIC.

2. All documents related to Your communications with PIC related to the contracts, agreements, business relationships, invoices, and understanding with PIC

3. All documents, including screenshots, videos, demonstrations, PowerPoint presentations, or other visual representations of the Electronic Medical Records software created

for or sold to PIC by You.

4. All documents, including screenshots, videos, demonstrations, Powerpoint presentations, or other visual representations of the Electronic Medical Records software created for or sold to PIC by You that references Genetic Information, including, but not limited to, Family Medical History.

5. All documents and communications relating to transcription services provided by You to PIC through your Electronic Medical Records software or other software.

6. All documents and communications related to NTN during the Relevant Period.

7. All documents and communications relating to any Medical Examination performed on any NTN employees or applicants for employment, other than Plaintiffs, during the Relevant Period.

8. All documents and communications related to GIPA or other similar state or federal law governing requests for Genetic Information from patients.

Dated: April 2, 2025

Respectfully submitted,

/s/ S. Jarret Raab
S. Jarret Raab
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Tel. 866.525.0878
jraab@milberg.com

Zachary Arbitman
FELDMAN SHEPHERD WOHLGELERNTER TANNER WEINSTOCK & DODIG, LLP
1845 Walnut Street, 21st Floor
Philadelphia, Pennsylvania 19103
Tel: 215.567.8300
zarbitman@feldmanshepherd.com

* Admitted *Pro Hac Vice*
*Counsel for Plaintiffs and the proposed class*